DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
SAM F. CATE-GUMPERT (State Bar No. 335715)
  samcategumpert@dwt.com
50 California Street, 23rd Floor
San Francisco, California   94111
Telephone:  (415) 276-6500
Fax:  (415) 276-6599

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY TUBB, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>                    Defendant. | Case No. **2:24-cv-01417-GW-BFMx**<br><br>**NOTICE OF MOTION AND MOTION FOR SECURITY FOR COSTS AND FEES; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES [C.C.P. § 1030]**<br><br>[Declaration Of Dan Laidman Concurrently Filed; [Proposed] Order Concurrently Lodged]<br><br>Hearing Date:    June 24, 2024<br>Time:               8:30 a.m.<br>Courtroom:       9D<br><br>Action Filed:  February 21, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 24, 2024, at 8:30 a.m., or as soon

thereafter as this matter may be heard in Courtroom 9D of the above-entitled court,

located at 350 West 1st Street, Los Angeles, CA 90012, defendant Paramount

Pictures Corporation ("Paramount" or "Defendant") will and hereby does move this Court, pursuant to California Code of Civil Procedure § 1030(a), and this Court's inherent authority, for an order requiring Plaintiff Barry Tubb to post a bond of at least $250,000 to secure the payment of Defendant's attorneys' fees and costs.[1]

This Motion is made on the following grounds:

1.      Plaintiff resides outside of California, in the state of Texas, and therefore is subject to Section 1030's bond requirement.  See Memorandum Of Points And Authorities, Section III.A.

2.      Paramount has a reasonable possibility of prevailing in this action. See Id., Section III.B.   Paramount's defenses to Plaintiff's claims are discussed at length in its concurrently-filed Special Motion To Strike Plaintiff's state law claims, brought pursuant to California Code of Civil Procedure § 425.16 ("SLAPP Motion"), and Motion To Dismiss Plaintiff's Complaint, brought pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss" or "MTD").  The SLAPP Motion and MTD are incorporated by reference into this Motion.

3.      Paramount has a reasonable possibility of obtaining a substantial attorneys' fee award in addition to prevailing party costs.  See id., Section III.C. There are three bases for Paramount's anticipated fee award:

      a.   Defendants who prevail on SLAPP Motions are entitled to recover their reasonable fees and costs.  See C.C.P. § 425.16(c); Section III.C.

      b.   Parties who prevail on claims under California's right-of-publicity statute, California Civil Code § 3344, and any intertwined claims, are entitled to recover their reasonable fees and costs.  See Cal. Civ. Code § 3344(a); Section III.C.

---

[1] The requested bond amount is based on the attorneys' fees and costs Paramount anticipates incurring in connection with its concurrently-filed SLAPP Motion and Motion To Dismiss.  Paramount reserves the right to seek a bond in a higher amount if the proceedings extend beyond these early dispositive motions.

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

c. Parties who prevail on Lanham Act claims may be awarded their reasonable attorneys' fees and costs. <u>See</u> 15 U.S.C. § 1117(a); Section III.C.

4. The amount of the requested bond is reasonable, given Paramount's anticipated fees and costs and the nature of this lawsuit, which directly targets Paramount's exercise of its First Amendment rights. <u>Id.</u>, Section III.D.

5. The requested bond is reasonable to require from Plaintiff, because the Complaint establishes that he has the resources to post such an undertaking. <u>Id.</u>, Section III.D.

This Motion is based on this Notice; on the attached Memorandum Of Points And Authorities; on the concurrently-filed SLAPP Motion and MTD, Request For Judicial Notice, Declaration of Amanda Hutchison with Exhibit A, Declaration Of Dan Laidman With Exhibits D-F, and Notice of Manuel Filing Of DVDs With Exhibits B-C; on any other matters of which this Court may take judicial notice; on all pleadings, files and records in this action; and on such argument as may be received by this Court at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 11, 2024. <u>See</u> Laidman Decl. ¶ 8.

For all of the reasons stated, Paramount respectfully requests that this Court grant its Motion and require Plaintiff to post a bond of at least $250,000 to cover some or all of the attorneys' fees and costs Paramount expects to incur in seeking the dismissal of Plaintiff's Complaint through the pending dispositive motions.

DATED: April 18, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: /s/ Dan Laidman
                    Dan Laidman

Attorneys for Defendant
PARAMOUNT PICTURES
CORPORATION

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      SUMMARY OF ARGUMENT ........................................................ 1

II.     STATEMENT OF FACTS ........................................................... 2

III.    THIS COURT SHOULD REQUIRE PLAINTIFF TO POST
        SECURITY FOR DEFENDANT'S COSTS AND FEES .............................. 4

        A.      Plaintiff Is An Out-Of-State Resident. ................................. 5

        B.      There Is A Reasonable Possibility Paramount Will Prevail ................. 5

        C.      There Is A Reasonable Possibility Paramount Will Recover
                Substantial Attorneys' Fees And Costs In This Action. ..................... 7

        D.      The Requested Bond Is Reasonable Under The Circumstances. ....... 11

IV.     CONCLUSION ..................................................................... 15

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

**Cases**

Abbywho, Inc. v. Interscope Records,
   2008 WL 11406047 (C.D. Cal. Mar. 17, 2008)................................................. 12

Anderson v. Steers, Sullivan, McNamar & Rogers,
   998 F.2d 495 (7th Cir. 1993) ............................................................. 4, 13

Baltayan v. Estate of Getemyan,
   90 Cal. App. 4th 1427 (2001) ...............................................................5

Barry v. State Bar of California,
   2 Cal.5th 318 (2017) ................................................................... 14

Braun v. Chronicle Publ'g Co.,
   52 Cal. App. 4th 1036 (1997) ..............................................................8

Brown v. Electronic Arts, Inc.,
   724 F.3d 1235 (9th Cir. 2013) .......................................................... 6, 13

Clifford v. Trump,
   2018 U.S. Dist. LEXIS 211297 (C.D. Cal. Dec. 11, 2018) ............................ 12

ComputerXpress, Inc. v. Jackson,
   93 Cal. App. 4th 993 (2001) ................................................................9

Crytech GmbH v. Cloud Imperium Games Corp.,
   2019 WL 4149337 (C.D. Cal. July 22, 2019).............................................5

eCash Techs., Inc. v. Guagliardo,
   210 F. Supp. 2d 1138 (C.D. Cal. 2000) ...................................................9

Gabriel Technologies Corp. v. Qualcomm Inc.,
   2010 U.S. Dist. LEXIS 98229 (S.D. Cal. Sept. 20, 2010)..............................6

Garcia v. Google, Inc.
   786 F.3d 733 (9th Cir. 2015) ............................................................ 14

Herring Networks, Inc. v. Maddow,
   2021 WL 409724 (S.D. Cal. Feb. 5, 2021).............................................. 12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>In re Merrill Lynch Relocation Mgmt, Inc.</u>,
812 F.2d 1116 (9th Cir. 1987) ...............................................................4

<u>Jules Jordan Video, Inc. v. 144942 Canada Inc.</u>,
617 F.3d 1146 (9th Cir. 2010) ...........................................................13

<u>Ketchum v. Moses</u>,
24 Cal.4th 1122 (2001) .......................................................................8

<u>Kirby v. Sega of Am., Inc.</u>,
144 Cal. App. 4th 47 (2006) .............................................................10

<u>Lewis v. Activision Blizzard, Inc.</u>,
2014 U.S. Dist. LEXIS 135889 (N.D. Cal. Sept. 25, 2014) ...............9

<u>Love v. Associated Newspapers, Ltd.</u>,
611 F.3d 601 (9th Cir. 2010) ..............................................................9

<u>Love v. The Mail on Sunday</u>,
2007 U.S. Dist. LEXIS 97061 (C.D. Cal. Sept. 7, 2007), <u>aff'd sub nom.</u>
<u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601 (9th Cir. 2010) ...............10

<u>Makaeff v. Trump Univ.</u>,
2015 WL 1579000 (S.D. Cal. April 9, 2015) ....................................12

<u>Maloney v. T3Media, Inc.</u>,
2015 U.S. Dist. LEXIS 86183 (C.D. Cal. May 27, 2015) .................12

<u>Maloney v. T3Media, Inc.</u>,
2015 WL 3879634 (C.D. Cal. May 27, 2015) ...............................9, 10

<u>Manufactured Home Communities, Inc. v. County of San Diego</u>,
655 F.3d 1171 (9th Cir. 2011) .............................................................8

<u>Mattel, Inc. v. Walking Mountain Productions</u>,
2004 WL 1454100 (C.D. Cal. June 21, 2004) ...................................11

<u>Mattel, Inc. v. Walking Mountain Productions</u>,
353 F.3d 792 (9th Cir. 2003) .......................................................11, 13

<u>Mireskandari v. Associated Newspapers, Ltd.</u>,
665 Fed. App'x 570 (9th Cir. 2016) ....................................................9

<u>New.Net, Inc. v. Lavasoft</u>,
356 F. Supp. 2d 1090 (C.D. Cal. 2004) ...............................................8

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Octane Fitness, LLC v. ICON Health & Fitness,
    572 U.S. 545 (2014) ............................................................................ 11

Open Source Sec. v. Perens,
    2018 WL 2762637 (N.D. Cal. June 9, 2018) ...................................... 12

Ray Charles Found. v. Robinson,
    919 F. Supp. 2d 1054 (C.D. Cal. 2013), rev'd on other grounds, 795 F.3d
    1109 (9th Cir. 2015) ...............................................................................8

Resolute Forest Products, Inc. v. Greenpeace Int'l,
    2019 WL 8377690 (N.D. Cal. Sept. 24, 2019) .................................. 12

Rogers v. Grimaldi,
    875 F.2d 994 (2d Cir. 1989) ....................................................................6

Scott v. Kelkris Associates, Inc.,
    2012 WL 1131360 (E.D. Cal. Mar. 29, 2012) ........................................9

Simulnet East Assoc. v. Ramada Hotel Operating Co.,
    37 F.3d 573 (9th Cir. 1994) ........................................................... passim

SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,
    839 F.3d 1179 (9th Cir. 2016) (en banc) .......................................... 10

Suzhou Angela Online Game Technology Co., Ltd. v. Snail Games USA Inc.,
    2023 WL 2465972 (C.D. Cal. Mar. 9, 2023)................................... 1, 5

Thomas v. Fry's Electronics, Inc.,
    400 F.3d 1206 (9th Cir. 2005) ...............................................................8

Tobinick v. Novella,
    2017 WL 8809365 (S.D. Fla. Nov. 29, 2017) .................................... 11

United States ex rel. Newsham v. Lockheed Missiles & Space Co.,
    190 F.3d 963 (9th Cir. 1999) .................................................................8

Varian Medical Systems, Inc. v. Delfino,
    35 Cal. 4th 180 (2005) .......................................................................... 13

Vess v. Ciba-Geigy Corp. USA,
    317 F.3d 1097 (9th Cir. 2003) ...............................................................8

Wilson & Haubert, PLLC v. Yahoo! Inc.,
    2014 WL 1351210 (N.D. Cal. Apr. 4, 2014) ........................................5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Winter v. DC Comics,
   30 Cal. 4th 881 (2003) ...................................................................... 13

Wynn v. Chanos,
   2015 WL 3832561 (N.D. Cal. June 19, 2015).................................... 12

**Statutes**

15 U.S.C. § 1117(a)............................................................................... 2, 10

California Code of Civil Procedure
   § 425.16(c) ......................................................................................... 8, 9
   § 1030............................................................................................ 1, 4, 5, 6

California Civil Code § 3344(a)................................................................ 1, 9

**Constitutional Provisions**

First Amendment............................................................................ *passim*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF ARGUMENT

This Court has the "inherent power" to require a plaintiff to post a bond to cover the attorneys' fees and costs incurred by a defendant in defending against the action, especially "when a non-resident party is involved." Simulnet East Assoc. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994) (quotation omitted). The Court can exercise that power by applying related state law provisions, including California Code of Civil Procedure § 1030, which requires a bond when the plaintiff resides out of state and there is a reasonable possibility that the defendant will obtain an award of fees or costs. E.g., Suzhou Angela Online Game Technology Co., Ltd. v. Snail Games USA Inc., 2023 WL 2465972, at *3-4 (C.D. Cal. Mar. 9, 2023) (requiring plaintiff to post bond based on court's inherent power and Section 1030).

Those circumstances exist here.  Plaintiff's Complaint alleges that he resides in Texas, and there is far more than a reasonable possibility that Paramount will prevail in this action, and in doing so, will recover the attorneys' fees and costs incurred in its defense.  See Section III, supra.  As set forth in detail in Paramount's concurrently-filed SLAPP Motion and Motion To Dismiss, Plaintiff's Complaint is unlikely to succeed as a matter of law for numerous reasons.  Id.  If Paramount prevails, it has several independent grounds for seeking recovery of fees and costs.

First, because Plaintiff's claims arise entirely from the content of an artistic work – Paramount's feature film "Top Gun: Maverick" (the "Film" or "Maverick") – Plaintiff's state law causes of action are subject to dismissal under California's SLAPP statute, which includes a mandatory fee-shifting provision for prevailing defendants.  Second, California's right-of-publicity statute, which is the basis for one of Plaintiff's claims, includes a mandatory fee-shifting provision for prevailing parties.  See Civ. Code § 3344(a).  Third, if Paramount prevails on Plaintiff's Lanham Act claim, it also can seek reimbursement of its fees and costs under that

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

statute.  <u>See</u> 15 U.S.C. § 1117(a).  Although that fee provision is discretionary, courts favor fee awards to prevailing defendants in cases like this one, where a plaintiff uses the Lanham Act to target constitutionally-protected expressive works. <u>See</u> Section III.C, <u>supra</u>.

The requested bond amount is reasonable, because it directly reflects Paramount's anticipated defense costs through the adjudication of its initial dispositive motions.  <u>See</u> Section III.D, <u>supra</u>.  The amount requested also is reasonable to require from Plaintiff, because he alleges that he is a prominent, successful actor, and there is no basis for concern about the bond denying him access to the courts.  <u>Id.</u>

For all of these reasons, Paramount respectfully requests that this Court grant this Motion, and require Plaintiff to post a bond of at least $250,000.

## II.   STATEMENT OF FACTS

In Paramount's iconic 1986 film "Top Gun," Tom Cruise portrayed a talented, arrogant fighter pilot (nicknamed "Maverick"), participating in the Navy's elite "Top Gun" training program.  Anthony Edwards' character ("Goose") was Maverick's wingman and best friend; Val Kilmer played "Iceman," Maverick's rival.  During a training exercise, Maverick's plane suffers engine failure, resulting in an accident in which Goose dies; Maverick has to overcome his guilt to save Iceman's life when the trainees face actual combat.  Ex. C at 1:04:00-1:09:15; 1:28:01-1:41:29.

Plaintiff is an actor who appeared in "Top Gun" as the character "Wolfman," another fighter pilot trainee, who is depicted in that film wearing a cowboy hat and silver watch.  <u>E.g.</u>, Ex. C at 26:49; 33:41-33:48.  Plaintiff had a written agreement ("Agreement") to participate in the Original Film.  Cmplt. ¶ 113 & Pl. Ex. A.  Among other things, it provides that Paramount is "the <u>sole and exclusive owner</u> of <u>all rights in the role or character</u> portrayed by [Plaintiff], <u>including name, likeness and distinctive characterizations</u> thereof"; Paramount's rights include "<u>the right to</u>

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

merchandise and exploit such role or character, and the right to use [Plaintiff]'s name and likeness in connection therewith...."  Cmplt. ¶ 117 & Ex. A at 7 ¶ A (emphasis added).

Plaintiff alleges that during the filming of "Top Gun," photographer Herb Ritts took a "behind-the-scenes" picture ("Photograph") depicting cast members (including Cruise, Edwards, Kilmer, and Plaintiff) and Navy pilots whom he says "flew in and consulted on the" film.  Cmplt. ¶ 39; Pl. Ex. C.  (Ritts was hired by Paramount, which owns the copyright to his photographs.  See Hutchison Decl., Ex. A.)  The Photograph depicts cast members wearing the flight suits their characters wore during much of the film, with some members of the group in military garb.  Pl. Ex. C.  Plaintiff also is wearing his character's "signature" cowboy hat and a silver watch.  Cmplt. ¶ 46; see Pl. Ex. C; Ex. D.

The "Maverick" Film is a sequel to Top Gun that was released in 2022.  It takes place 30 years later, with Maverick now training young fighter pilots, including Goose's son, Rooster.  Ex. B.  Much of the Film focuses on the fraught relationship between the two characters, as Maverick had secretly promised Rooster's mother to stop him from becoming a fighter pilot, and Rooster is angry about Maverick's interference.  Rooster's rival ("Hangman") and another classmate learn about the relationship between Rooster's father and Maverick when they see a photograph with a plaque identifying the fictional members of the 1986 Top Gun class,[2] with Maverick and Goose standing next to each other, and realize Goose and Rooster have the same last name.  Ex. B at 44:22-44:28; Cmplt. ¶ 38.

The Film shows a slightly altered version of the Photograph.[3]  It appears for only a few seconds, starting with the depiction of the entire "Class of 1986" before

---

[2] Ex. B at 44:22.

[3] Cmplt. ¶ 38.  There is no allegation that any of the individuals' images were altered; the version used in the Film replaced a blank background with a depiction

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

zooming in briefly on Maverick and Goose, as Hangman points them out to his classmate.  Ex. B at 44:22-44:28.  Wolfman is standing partly behind Maverick in the class photo.  Ex. D.

Plaintiff filed this lawsuit on February 21, 2024.  He asserts seven causes of action, all of which arise solely from the inclusion of his image in character as Wolfman in the "Class of 1986" photograph, as depicted briefly in that one scene in the Film.  Cmplt. ¶¶ 61-126.

### III.   THIS COURT SHOULD REQUIRE PLAINTIFF TO POST SECURITY FOR DEFENDANT'S COSTS AND FEES

Federal district courts have the inherent power to require plaintiffs to post a bond to cover a defendant's anticipated recoverable fees and costs.  See Simulnet, 37 F.3d at 574; In re Merrill Lynch Relocation Mgmt, Inc., 812 F.2d 1116, 1121 (9th Cir. 1987) (recognizing court's authority to require nonresident plaintiff to post a bond to cover defendant's costs).  "The power to tax costs implies ancillary power to take reasonable measures to ensure that costs will be paid."  Anderson v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 495, 496 (7th Cir. 1993).

"Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs ….  [T]his is especially common when a non-resident party is involved."  Simulnet, 37 F.3d at 574.  California law on this subject is clear:  courts expressly are authorized to require a plaintiff who "resides out of state … to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding."  Cal. Code of Civ. Proc. § 1030(a).  In Simulnet, the Ninth Circuit recognized that the Nevada District Court could rely on a Nevada statute that is materially identical to C.C.P. § 1030(a).  37 F.3d at 574.  Although federal courts are not "bound to follow the state procedural law in all respects," they nonetheless

of a fighter jet in front of a building emblazoned with the words "TOP GUN." Compare Pl. Ex. C with Ex. B at 44:22.

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  look to Section 1030 for guidance in determining whether the plaintiff should be

2  required to post a bond.  <u>Suzhou Angela</u>, 2023 WL 2465972, at *3.

3        Under this Circuit's law, federal courts applying Section 1030 will require an

4  out-of-state plaintiff to post a bond based on:  "(i) the degree of probability/

5  improbability of success on the merits, and the background and purpose of the suit;

6  (ii) the reasonable extent of the security to be posted, if any, viewed from the

7  defendant's perspective; and (iii) the reasonable extent of the security to be posted,

8  if any, viewed from the nondomiciliary plaintiff's perspective."  <u>Simulnet</u>, 37 F.3d

9  at 576.  All of these factors favor requiring Plaintiff to post a bond here.

10  **A.  Plaintiff Is An Out-Of-State Resident.**

11        It is undisputed that Plaintiff is not a California resident; he alleges that he

12  resides in Texas.  <u>See</u> Cmplt. ¶¶ 18, 23.  This satisfies the threshold requirement for

13  a bond under Section 1030.  <u>See</u> C.C.P. § 1030.

14  **B.  There Is A Reasonable Possibility Paramount Will Prevail.**

15        To obtain a bond, a defendant need not show "that there [is] no possibility

16  that [plaintiff] could win at trial, but only that it [is] <u>reasonably possible</u> that

17  [defendant] would win."  <u>Baltayan v. Estate of Getemyan</u>, 90 Cal. App. 4th 1427,

18  1432 (2001) (original emphasis).  Under California's Section 1030, "the 'reasonable

19  possibility' standard is relatively low."  <u>Suzhou Angela</u>, 2023 WL 2465972, at *4

20  (quoting <u>Wilson & Haubert, PLLC v. Yahoo! Inc.</u>, 2014 WL 1351210, at *3 (N.D.

21  Cal. Apr. 4, 2014)).  Another district court explained, "[t]his hurdle is a relatively

22  low one . . . the Ninth Circuit has held that district courts do not abuse their

23  discretion by requiring a security when it would not be illogical, implausible, or

24  without support in the record to conclude that there [is] a reasonable possibility that

25  [the defendant] would prevail and be entitled to fees and costs …."  <u>Crytech GmbH</u>

26  <u>v. Cloud Imperium Games Corp.</u>, 2019 WL 4149337, at *2 (C.D. Cal. July 22,

27  2019).

28

In Gabriel Technologies Corp. v. Qualcomm Inc., 2010 U.S. Dist. LEXIS 98229, at \*16 (S.D. Cal. Sept. 20, 2010), the court rejected the plaintiff's contention that the defendants had to "substantially refute" each claim, concluding that the plain language of Section 1030 imposed the looser "reasonable possibility" standard. Id. at \*14-15. Nor are defendants seeking a bond required to demonstrate that the plaintiff is a vexatious litigant, or that the plaintiff's claims are frivolous. Id. at \*17 n.5.

For the reasons set forth in more detail in Paramount's concurrently-filed SLAPP Motion and Motion To Dismiss, it has more than a reasonable possibility of prevailing in this action.

First, because Plaintiff's Lanham Act claim arises solely from the content of a constitutionally-protected expressive work, it is subject to dismissal under the First Amendment-based test identified in Rogers v. Grimaldi, 875 F.2d 994 (2d Cir. 1989), which the Ninth Circuit has adopted as a threshold for Lanham Act claims based on the content of films and other expressive works. E.g., Brown v. Electronic Arts, Inc., 724 F.3d 1235, 1239 (9th Cir. 2013). As set forth in detail in Paramount's Motion To Dismiss, where, as here, the "use" at issue is artistically relevant and not explicitly misleading, the First Amendment bars liability under the Lanham Act. See MTD, Section III.A.1[4]

Second, Plaintiff's state law right-of-publicity claims also are barred by the First Amendment, because the alleged use of Plaintiff's image was in an expressive work, in a transformative manner. See SLAPP Motion, Section IV.A.1-2; MTD, Section III.B.1-2. Plaintiff's right-of-publicity claims also are preempted by federal copyright law because the Film only uses his image as embodied in a copyrightable photograph. See SLAPP Motion, Section IV.A.3; MTD, Section III.B.3.

---

[4] Plaintiff's Lanham Act claim independently fails under basic statutory principles, because given the context, there is no likelihood of consumer confusion as a matter of law in any event. Id., Section III.A.2.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Paramount also had a contractual right to use Plaintiff's image as the Wolfman character.  See SLAPP Motion, Section IV.A.4; MTD, Section III.B.4.  Plaintiff's statutory claim under Section 3344 also fails because the use at issue was not a commercial use of the type that can give rise to right-of-publicity liability, and the use falls within the statute's exemption for group photographs.  See SLAPP Motion, Section IV.A.5; MTD, Section III.B.5.

Third, Plaintiff's tack-on negligence claim is derivative of his right-of-publicity claims, and is barred for the same reasons as those claims.  See SLAPP Motion, Section III.B; MTD, Section IV.C.  Plaintiff also fails to plead any legally-cognizable duty owed to him by Paramount.  Id.

Fourth, Plaintiff's breach of contract claim fails because the contract does not prohibit Paramount from using his image in the challenged manner; to the contrary, it expressly authorizes this kind of use.  See SLAPP Motion, Section IV.C; MTD, Section III.D.

Fifth, Plaintiff's First Cause of Action for declaratory relief fails because it is derivative of Plaintiff's other claims, and fails for the same reasons as those claims.  See MTD, Section III.E.

Finally, Plaintiff's claim for injunctive relief does not state a separate cause of action; it also would constitute an unconstitutional prior restraint, which the First Amendment prohibits.  See SLAPP Motion, Section IV.D; MTD, Section III.F.

For all of these reasons, as described in detail in Paramount's concurrently-filed dispositive motions, there is far more than the requisite reasonable possibility that it will prevail on the merits in this action.

## C.   There Is A Reasonable Possibility Paramount Will Recover Substantial Attorneys' Fees And Costs In This Action.

In addition to the litigation costs awarded to any prevailing party, Paramount has a strong possibility of recovering a significant attorneys' fees award from Plaintiff in this case.

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

First, Paramount has moved to strike Plaintiff's state law claims under California's SLAPP statute, which includes a mandatory fee-shifting provision for a prevailing defendant.  California Code of Civil Procedure § 425.16(c) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover [its] attorneys' fees and costs."  The California Supreme Court has emphasized that "[a]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees."  Ketchum v. Moses, 24 Cal.4th 1122, 1131 (2001) (emphasis added).  This applies even where, as here, the plaintiff is an individual and the prevailing defendant is a business.  See Braun v. Chronicle Publ'g Co., 52 Cal. App. 4th 1036, 1052-53 (1997) (rejecting individual plaintiff's argument that she should not have to reimburse the defendant's fees under Section 425.16(c) because it was "a media defendant," explaining that "the statute clearly is to the contrary"); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (SLAPP statute applied and required fee-shifting even though plaintiff argued he was "a 'little guy' seeking to vindicate his rights under California's consumer protection statutes").

The Ninth Circuit has held unequivocally that Section 425.16(c)'s mandatory fee-shifting provision applies in federal court.  See, e.g., Thomas v. Fry's Electronics, Inc., 400 F.3d 1206, 1209 (9th Cir. 2005) ("California anti-SLAPP motions to strike and entitlement to fees and costs are available to litigants proceeding in federal court"), citing United States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963, 971-973 (9th Cir. 1999)); Manufactured Home Communities, Inc. v. County of San Diego, 655 F.3d 1171, 1181 (9th Cir. 2011) (affirming award of attorneys' fees to prevailing defendants on SLAPP motion).[5]

---

[5] See also Ray Charles Found. v. Robinson, 919 F. Supp. 2d 1054, 1067 (C.D. Cal. 2013), rev'd on other grounds, 795 F.3d 1109 (9th Cir. 2015) ("[b]ecause Defendants have prevailed on their anti-SLAPP motion, attorney's fees are mandatory and the Court awards them"); New.Net, Inc. v. Lavasoft, 356 F. Supp.

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Moreover, it is well established in the context of special motions to strike under Section 425.16 that a defendant is considered a prevailing party entitled to attorneys' fees and costs even if the Court strikes only <u>some</u> of the plaintiff's causes of action.  <u>See</u> <u>ComputerXpress, Inc. v. Jackson</u>, 93 Cal. App. 4th 993, 1020 (2001) ("defendants in this case should be considered prevailing parties, and therefore should recover attorney fees and costs, notwithstanding their partial success on their SLAPP motion").  Consequently, Paramount will be considered a prevailing party, and will be entitled to fees, if it succeeds in having any of Plaintiff's claims dismissed under the SLAPP statute.  <u>See</u> <u>Mireskandari v. Associated Newspapers, Ltd.</u>, 665 Fed. App'x 570, 572 (9th Cir. 2016) (affirming fee award under Section 425.16 where defendant "did not prevail on the whole of its anti–SLAPP motion"); <u>Scott v. Kelkris Associates, Inc.</u>, 2012 WL 1131360, at *4 (E.D. Cal. Mar. 29, 2012) (awarding fees to defendant under Section 425.16(c) after SLAPP motion eliminated some, but not all, of the plaintiff's claims).

<u>Second</u>, Paramount independently is entitled to recover its fees and costs if it prevails on Plaintiff's statutory right-of-publicity claim.  Cal. Civ. Code § 3344(a).  As the Ninth Circuit has held, "section 3344 clearly mandates an award of attorney's fees" to the prevailing party in any case arising under California's right-of-publicity statute.  <u>Love v. Associated Newspapers, Ltd.</u>, 611 F.3d 601, 614 (9th Cir. 2010); <u>see also</u> <u>Lewis v. Activision Blizzard, Inc.</u>, 2014 U.S. Dist. LEXIS 135889, *4-5 (N.D. Cal. Sept. 25, 2014) ("where a plaintiff brings a claim under section 3344 and, as here, that claim fails as a matter of law, the defendant has prevailed on that claim and is entitled to recover attorneys' fees").  "[S]ection

2d 1090, 1115 (C.D. Cal. 2004) ("defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees"); <u>eCash Techs., Inc. v. Guagliardo</u>, 210 F. Supp. 2d 1138, 1183-84 (C.D. Cal. 2000) ("[t]he attorneys' fees provision of Section 425.16 also applies in federal court, and declares that an award of attorneys' fees to a moving party is mandatory if a special motion to strike is granted"); <u>Maloney v. T3Media, Inc.</u>, 2015 WL 3879634, at *10 (C.D. Cal. May 27, 2015) (awarding fees to prevailing SLAPP defendant).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3344's directive that fees 'shall' be awarded to the prevailing party in a statutory

appropriation action is clearly mandatory," and "leaves no room for ambiguity."

Kirby v. Sega of Am., Inc., 144 Cal. App. 4th 47, 62 (2006). See also Maloney,

2015 WL 3879634, at *10 (awarding defendant fees under Section 3344 as well as

the SLAPP statute).

Moreover, where, as here, the defenses to the statutory misappropriation

claim are "intertwined" with fees and costs incurred in defending against other

claims, the prevailing defendant may recover fees incurred in defending against all

of the intertwined claims.  E.g., Love v. The Mail on Sunday, 2007 U.S. Dist.

LEXIS 97061, *9-10, *35-38 (C.D. Cal. Sept. 7, 2007), aff'd sub nom. Love v.

Associated Newspapers, Ltd.,, 611 F.3d 601 (9th Cir. 2010) (awarding $518,859 in

attorneys' fees after defendant successfully defeated plaintiff's statutory and

common-law right-of-publicity claims and related claims);  Kirby, 144 Cal. App.

4th at 62 n.7 (same; affirming award to prevailing defendants of $618,000 in

attorneys' fees for trial-court work on right-of-publicity and related claims).

Consequently, Paramount will be entitled to recover fees under Section 3344 for

intertwined work on Plaintiff's claims that are derivative of his misappropriation

claims, including his claims for negligence and declaratory injunctive relief.  See

SLAPP Motion at Section IV.B; MTD at Sections III.C, III.E.

Third, Paramount can be awarded its fees for successfully defending against

Plaintiff's Lanham Act claim.  Section 35(a) of the Lanham Act provides that the

court "in exceptional cases may award reasonable attorney fees to the prevailing

party." 15 U.S.C. § 1117(a).  The Ninth Circuit has explained that "an 'exceptional'

case is simply one that stands out from others with respect to the substantive

strength of a party's litigating position (considering both the governing law and the

facts of the case) or the unreasonable manner in which the case was litigated."

SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179, 1180 (9th Cir.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2016) (en banc) (quoting Octane Fitness, LLC v. ICON Health & Fitness, 572 U.S. 545, 554 (2014)).

This standard is easily met here, given that Plaintiff's Lanham Act claim is based solely on the content of an expressive work, and therefore is clearly barred by under well-established First Amendment law.  See Section III.B, supra; MTD at Section III.A.  The Ninth Circuit has identified such cases as ones in which it is appropriate for the defendant to recover its fees under the Lanham Act.  See Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 816 (9th Cir. 2003) (fee-shifting proper where the defendant's use "was protected by policy interests in free expression"); Mattel, Inc. v. Walking Mountain Productions, 2004 WL 1454100, at *3-4 (C.D. Cal. June 21, 2004) (awarding prevailing defendant more than $1.8 million in fees and costs under Lanham Act and Copyright Act on remand from Ninth Circuit); Tobinick v. Novella, 2017 WL 8809365, at *3, 8 (S.D. Fla. Nov. 29, 2017) (awarding prevailing defendants fees under the Lanham Act where plaintiff unreasonably pursued trademark claim targeting non-commercial speech).

For all of these reasons, Paramount has more than a reasonable possibility both of prevailing and recovering its fees and costs from Plaintiff.

**D.     The Requested Bond Is Reasonable Under The Circumstances.**

In deciding whether to require a bond, federal district courts also consider "the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective," and "the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective."  Simulnet, 37 F.3d at 576 (quotation omitted).  Paramount's request for a bond of at least $250,000 is reasonable and appropriate under the circumstances of the case.

First, the amount sought for the bond here is based on Paramount's anticipated attorneys' fees and costs in connection with its pending SLAPP Motion

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and Motion to Dismiss.  <u>See</u> Laidman Decl. ¶ 7.[6]  The requested amount reflects the likely defense costs for obtaining the dismissal of Plaintiff's seven causes of action, and it is consistent with fee awards in comparable cases.  <u>Id.</u>[7]  The requested bond amount therefore is appropriate to protect Paramount's right to recover the fees and costs that it expects to incur in this action.

The bond request is especially reasonable given "the background and purpose of the suit."  <u>Simulnet</u>, 37 F.3d at 576.  Plaintiff's lawsuit squarely targets Paramount's constitutionally protected speech, as it arises solely from the content of the Film.  <u>See</u> Cmplt. ¶ 38.  Although Plaintiff tries to frame this as a contractual dispute (at least in one of his many causes of action), it is no such thing.  He did not perform any services in connection with the Film, and there is no issue about compensation.  No matter how they are labeled, all of Plaintiff's claims arise entirely from Paramount's use of a photograph (taken by a photographer whom Paramount had commissioned under a work-for-hire arrangement) in one brief

---

[6] Paramount reserves the right to seek a bond in a higher amount if the proceedings expand beyond the dispositive motion practice in the district court.

[7] E.g., <u>Herring Networks, Inc. v. Maddow</u>, 2021 WL 409724, at *11 (S.D. Cal. Feb. 5, 2021) (awarding prevailing SLAPP defendants $247,667.50 in fees and $10,724.36 in costs); <u>Wynn v. Chanos</u>, 2015 WL 3832561, at *6 (N.D. Cal. June 19, 2015) (awarding $390,149.63 in attorneys' fees in SLAPP case); <u>Makaeff v. Trump Univ.</u>, 2015 WL 1579000, at *28 (S.D. Cal. April 9, 2015) ($790,083.40 in fees and $8,695.81 in costs in SLAPP case); <u>Resolute Forest Products, Inc. v. Greenpeace Int'l</u>, 2019 WL 8377690 (N.D. Cal. Sept. 24, 2019); N.D. Cal. Case No. 17-cv-02824-JST, Dkt. # 314 (Apr. 22, 2020 Order) (awarding Greenpeace $545,572.36 in fees and $20,687.18 in costs under SLAPP statute); <u>Clifford v. Trump</u>, 2018 U.S. Dist. LEXIS 211297, at *17 (C.D. Cal. Dec. 11, 2018) (awarding $292,052.33 in SLAPP case); <u>Open Source Sec. v. Perens</u>, 2018 WL 2762637, at *7 (N.D. Cal. June 9, 2018) (awarding $259,900.50 in SLAPP case); <u>Maloney v. T3Media, Inc.</u>, 2015 U.S. Dist. LEXIS 86183, at *26 (C.D. Cal. May 27, 2015) (awarding $195,838.50 in fees in SLAPP and Section 3344 case); <u>Abbywho, Inc. v. Interscope Records</u>, 2008 WL 11406047, at *6 (C.D. Cal. Mar. 17, 2008) (awarding $187,305 to defendant under Lanham Act more than 16 years ago).

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

scene in the Film, for a clear expressive purpose.  Id. ¶¶ 38-39; SLAPP Motion at Section IV.A.3; Hutchison Decl, Ex. A; Ex. B (Film at 44:33-44:55).[8]

The Ninth Circuit has emphasized the threat that such lawsuits pose to First Amendment rights.  E.g., Brown, 724 F.3d at 1242 (court applies the Rogers test to Lanham Act false endorsement claims arising from content of artistic works because "enforcing § 43(a) in this context might constrain free expression in violation of the First Amendment"); Mattel, 353 F.3d at 807 (holding Lanham Act claim based on protected speech should be dismissed, "[r]ecognizing that First Amendment concerns in free expression are particularly present in the realm of artistic works").  As the California Supreme Court observed in a right-of-publicity case arising from the depiction of the plaintiffs in an artistic work, "unnecessarily protracted litigation would have a chilling effect upon the exercise of First Amendment rights."  Winter v. DC Comics, 30 Cal. 4th 881, 891 (2003) (quotation omitted).

The California Legislature also acknowledged the danger of lawsuits targeting protected speech, which "seek to deplete the defendant's energy and drain his or her resources"; it enacted the SLAPP statute to end such actions "early and without great cost to the SLAPP target."  Varian Medical Systems, Inc. v. Delfino, 35 Cal. 4th 180, 192 (2005) (quotations omitted).  Therefore, the purpose of the SLAPP statute's fee-shifting provision is "compensating the prevailing defendant

---

[8] As discussed in the SLAPP Motion, Plaintiff alleges that the Photograph used in the Film was taken by photographer Herb Ritts (Cmplt. ¶ 39); Paramount had a work-for-hire agreement with Ritts, which gives Paramount the rights to the on-set photographs Ritts took in connection with the Original Film.  See SLAPP Motion at Section IV.A.3, note 13; Hutchison Decl., Ex. A.  Paramount need not prove the identity of the copyright owner for its copyright preemption defense.  See id.; Jules Jordan Video, Inc. v. 144942 Canada Inc., 617 F.3d 1146, 1154 (9th Cir. 2010).  But the ownership of the photo further shows that Plaintiff's lawsuit directly targets the content of Paramount's speech, including its creative choices in using its own copyrighted materials.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for the undue burden of defending against litigation designed to chill the exercise of free speech and petition rights."  <u>Barry v. State Bar of California</u>, 2 Cal.5th 318, 328 (2017).  As in any SLAPP case, Plaintiff's lawsuit burdens Defendant's speech rights, both because of the time, energy, and cost needed for the defense, and by raising the specter of liability.  Here, Plaintiff has gone even further, including a claim for injunctive relief where he expressly seeks to block the distribution of the Film.  <u>See</u> Cmplt. ¶ 126.  A "takedown order of a film of substantial interest to the public is a classic prior restraint of speech," and "[p]rior restraints pose the most serious and the least tolerable infringement on First Amendment rights."  <u>Garcia v. Google, Inc.</u> 786 F.3d 733, 747 (9th Cir. 2015) (quotation omitted).

Given the important First Amendment interests at stake, the nature of the lawsuit, and the anticipated defense costs, the requested bond is reasonable from Paramount's perspective.

<u>Second</u>, the amount of the requested bond also is reasonable from Plaintiff's perspective.  <u>See</u> <u>Simulnet</u>, 37 F.3d at 576.  This factor is meant to ensure that courts "avoid limitation of access to the courts because of a party's impecunious circumstance."  <u>Id.</u>  There is no concern about that here, as Plaintiff's own Complaint makes clear.  He alleges that he is "a well-known professional actor, director, and entertainer who has earned his livelihood in the entertainment industry over the past 40 years," and who "continues to write, perform, and direct" to this day, with an "upcoming film" coming out this year.  Cmplt. ¶¶ 24, 30.  Plaintiff alleges that he has appeared in "over 70 movies, television shows, commercials, and Broadway performances," and he lists many prominent credits.  <u>Id.</u> ¶¶ 25-29.  Because Plaintiff is, by his own pleading, a successful and "internationally known" celebrity (<u>id.</u> ¶ 46), he is not the kind of party who might be denied access to the courts if required to post an undertaking.  The requested bond therefore is reasonable from Plaintiff's perspective as well.  <u>See</u> <u>Simulnet</u>, 37 F.3d at 576.

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# IV.   CONCLUSION

Where, as here, an out-of-state resident pursues litigation against a California defendant, the law provides a mechanism for the defendant to ensure that it can recover the anticipated fees and costs it could recover if it ultimately prevails. Plaintiff resides out of state; Paramount has far more than a reasonable possibility of prevailing and recovering its attorneys' fees and costs; and the requested bond is reasonable in light of the circumstances, particularly the serious First Amendment issues at stake.  For all of the foregoing reasons, Paramount respectfully requests that this Court require Plaintiff to post a bond of at least $250,000.

DATED: April 18, 2024                     DAVIS WRIGHT TREMAINE LLP
                                          KELLI L. SAGER
                                          DAN LAIDMAN
                                          SAM F. CATE-GUMPERT


                                          By: /s/ Dan Laidman
                                                   Dan Laidman

                                          Attorneys for Defendant
                                          PARAMOUNT PICTURES
                                          CORPORATION

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Paramount Pictures Corporation, certifies that this brief contains 4,805 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 18, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: /s/ Dan Laidman
                    Dan Laidman
Attorneys for Defendant
PARAMOUNT PICTURES
CORPORATION

MOTION FOR SECURITY FOR COSTS AND FEES
4858-1777-2722v.7 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899