DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
SAM F. CATE-GUMPERT (State Bar No. 335715)
  samcategumpert@dwt.com
50 California Street, 23rd Floor
San Francisco, California 94111
Telephone: (415) 276-6500
Fax: (415) 276-6599

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY TUBB, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>        Defendant. | Case No. **2:24-cv-01417-GW-BFMx**<br><br>**REPLY IN SUPPORT OF MOTION FOR SECURITY FOR COSTS AND FEES [C.C.P. § 1030]**<br><br>Hearing Date:   June 24, 2024<br>Time:              8:30 a.m.<br>Courtroom:      9D<br><br>Action Filed: February 21, 2024 |

Defendant Paramount Pictures Corporation ("Paramount") respectfully submits this Reply to Plaintiff Barry Tubb's Opposition ("Opp.") to Paramount's Motion for Security for Costs and Fees ("Bond Motion" or "Mot.").[1]

---

[1] Plaintiff's Opp. incorporates his responses to Paramount's Motion To Dismiss (F.R.C.P. 12(b)(6)) ("MTD") and Special Motion to Strike Plaintiff's Complaint (C.C.P. § 425.16) ("SLAPP Motion"); Paramount similarly incorporates its SLAPP Reply and MTD Reply.

REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. SUMMARY OF ARGUMENT ........................................................................ 1

II. PARAMOUNT HAS A REASONABLE POSSIBILITY OF PREVAILING AND OBTAINING A COST AWARD ............................... 1

III. A BOND IS REASONABLE UNDER THE CIRCUMSTANCES .............. 5

IV. THE REQUESTED BOND AMOUNT IS REASONABLE ........................ 8

V. CONCLUSION ............................................................................................. 10

i

REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TABLE OF AUTHORITIES

Page

**Cases**

A. Farber and Partners v. Garber,
  417 F.Supp.2d 1143 (C.D. Cal. 2006) ................................................................. 3, 4

AF Holdings LLC v. Navasca,
  2013 WL 450383 (N.D. Cal. Feb. 5, 2013) ...................................................... 2, 3, 7

Alshafie v. Lallande,
  171 Cal.App.4th 421 (2009) ...................................................................................... 3

Baltayan v. Estate of Getemyan,
  90 Cal.App.4th 1427 (2001) ...................................................................................... 2

Barry v. State Bar of California,
  2 Cal.5th 318 (2017) ................................................................................................. 6

Clem v. Lomeli,
  566 F.3d 1177 (9th Cir. 2009) .................................................................................. 5

Code Rebel, LLC v. Aqua Connect, Inc.,
  2014 WL 2890242 (C.D. Cal. June 24, 2014) .......................................................... 1

Crytech GmbH v. Cloud Imperium Games Corp.,
  2019 WL 4149337 (C.D. Cal. July 22, 2019) ........................................................... 2

Elite Show Services, Inc. v. Staffpro, Inc.,
  119 Cal.App.4th 263 (2004) ...................................................................................... 9

Gabriel Technologies Corp. v. Qualcomm Inc.,
  2010 WL 3718848 (S.D. Cal. Sept. 20, 2010) ...................................................... 2, 4

Guangzhou Yucheng Trading Co. v. DBest Products, Inc.,
  2023 WL 2347086 (C.D. Cal. Feb. 17, 2023) .......................................................... 1

Padilla v. McClellan,
  93 Cal.App.4th 1100 (2001) ...................................................................................... 9

Plata v. Darbun Enterprises, Inc.,
  2009 WL 3153747 (S.D. Cal. Sept. 23, 2009) .......................................................... 7

ii
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Simulnet East Assocs. v. Ramada Hotel Operating Co.,
  37 F.3d 573 (9th Cir. 1994) ..................................................................................6, 7

Strojnik v. Woodside Hotel Group Ltd.,
  2021 WL 11695981 (N.D. Cal. Feb. 9, 2021) ....................................................3, 8

Susilo v. Wells Fargo Bank, N.A.,
  2012 U.S. Dist. LEXIS 166638 (C.D. Cal. Nov. 19, 2012)....................................7

Suzhou Angela Online Game Technology Co. v. Snail Games USA Inc.,
  2023 WL 2465972 (C.D. Cal. Mar. 9, 2023).........................................................2

Winterrowd v. American General Annuity Ins. Co.,
  556 F.3d 815 (9th Cir. 2009) .................................................................................9

Yao v. Superior Court,
  104 Cal.App.4th 327 (2002) ..................................................................................3

**Statutes**

California Civil Code § 3344 ........................................................................................9

California Code of Civil Procedure
  § 1030....................................................................................................*passim*
  § 1030(a) .......................................................................................................3, 8, 4
  § 1030(a)-(b) ..........................................................................................................6
  § 1030(b) ...............................................................................................................2

Lanham Act ...........................................................................................................5, 6, 9

**Constitutional Provisions**

U.S. Constitution, amend. I .....................................................................................1, 6

iii
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     SUMMARY OF ARGUMENT

Contrary to Plaintiff's mischaracterizations, California law as applied in the Ninth Circuit sets a "low bar to imposing a cost bond," to promote "the public policy disfavoring out of state plaintiffs taking advantage of the California forum." Code Rebel, LLC v. Aqua Connect, Inc., 2014 WL 2890242, at *5 (C.D. Cal. June 24, 2014). A moving defendant need only show that (1) the plaintiff resides out of state; (2) it has a "reasonable possibility" of obtaining a cost award; and (3) the bond request is reasonable under the circumstances. Id. at *3. The Motion demonstrated that each requirement is satisfied, and that a bond is reasonable given that Plaintiff has chosen to bring numerous legally-deficient claims that directly challenge the content of an expressive work (which he also is trying to enjoin). Claims like these are subject to fee-shifting provisions designed to protect defendants against the burdens of litigation that can chill First Amendment rights, and a bond would help to ensure that Paramount can meaningfully enforce a fee award if it prevails. Because Plaintiff failed to counter Paramount's showing that a bond is appropriate, the Motion should be granted.

## II.    PARAMOUNT HAS A REASONABLE POSSIBILITY OF PREVAILING AND OBTAINING A COST AWARD

Plaintiff misconstrues the governing law by repeatedly insisting that the Motion should be denied because his lawsuit is "not frivolous." Opp. 2-3. See also Opp. 4, 6. But that is not the standard.[2] As another court in this district recently explained, "frivolousness is not required, it may simply be a relevant factor in the analysis." Guangzhou Yucheng Trading Co. v. DBest Products, Inc., 2023 WL

---

[2] Given Plaintiff's assertion of claims that plainly are barred under controlling Ninth Circuit and California authority, as set forth in Paramount's MTD and SLAPP Motion, an argument could be made that his lawsuit is frivolous. But this Court need not make that determination to grant the Bond Motion.

REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2347086, at *2 (C.D. Cal. Feb. 17, 2023). "The plain language of [California Code of Civil Procedure] Section 1030(b) says as much. Section 1030(b) requires only a 'reasonable possibility'" of prevailing. Id. Accord Gabriel Technologies Corp. v. Qualcomm Inc., 2010 WL 3718848, at *5 n.5 (S.D. Cal. Sept. 20, 2010) (authorities applying Section 1030 in federal court do not "require defendants to demonstrate frivolousness as a prerequisite to a cost bond"). The California Court of Appeal similarly explained that under Section 1030, a defendant need not show "that there [is] no possibility that [plaintiff] could win at trial, but only that it [is] reasonably possible that [defendant] would win." Baltayan v. Estate of Getemyan, 90 Cal.App.4th 1427, 1432 (2001) (original emphasis).

Consequently, "[t]his hurdle is a relatively low one," and the "Ninth Circuit has held that district courts do not abuse their discretion by requiring a security when it would not be illogical, implausible, or without support in the record to conclude that there [is] a reasonable possibility that [the defendant] would prevail and be entitled to fees and costs …." Crytech GmbH v. Cloud Imperium Games Corp., 2019 WL 4149337, at *2 (C.D. Cal. July 22, 2019). Accord Suzhou Angela Online Game Technology Co. v. Snail Games USA Inc., 2023 WL 2465972, at *6 (C.D. Cal. Mar. 9, 2023) (rejecting plaintiffs' argument that bond should not be required because "their claims are not 'frivolous'"; court required a bond because "defendants have demonstrated at least a 'reasonable possibility' they will obtain judgment in the litigation").[3]

---

[3] Not surprisingly, given the clear language of Section 1030 and consistent case law discussed above, Plaintiff cites no authority that supports his argument that a bond is "inappropriate" here if the plaintiff has "a nonfrivolous grievance." Opp. 6. Instead, he apparently draws this conclusion from language from AF Holdings LLC v. Navasca, 2013 WL 450383, at *1 (N.D. Cal. Feb. 5, 2013), stating that Section 1030 prevents "out-of-state residents from filing frivolous lawsuits against California residents." Opp. 4. But that court made clear that frivolousness is not required; it explained that Section 1030 "requires only a 'reasonable possibility' that the defendant will prevail," and "this language on its face appears to set a

2
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

    Plaintiff also misapprehends the law by claiming that the Motion is somehow "premature." Opp. 2. That also is belied by the express language of Section 1030, which states that a defendant can move for a bond "<u>at any time</u>." C.C.P. § 1030(a) (emphasis added). Paramount's request for a bond in conjunction with its concurrently-filed SLAPP Motion and MTD is entirely proper. See <u>Strojnik v. Woodside Hotel Group Ltd.</u>, 2021 WL 11695981, at *1 (N.D. Cal. Feb. 9, 2021) (granting defendant's bond motion where it showed a reasonable possibility of prevailing based on its "pending Motion to Dismiss").[4]

    The only case that Plaintiff relies on for his "prematurity" argument is <u>A. Farber and Partners v. Garber</u>, 417 F.Supp.2d 1143 (C.D. Cal. 2006). Opp. 6-7. That case is easily distinguishable, because the bond motion was brought after the court already had <u>denied</u> the moving defendants' motion to dismiss, finding that "the issues raised by Defendants are more appropriately resolved in a motion for summary judgment." <u>Garber</u>, 417 F.Supp.2d at 1145. Under those very different circumstances, the court found that considering the merits again for a bond motion was premature where the parties were still engaged in discovery in anticipation of filing summary judgment motions. <u>Id.</u> at 1145, 1148. But <u>Garber</u> also misstated the

---

relatively low standard." <u>Navasca</u>, 2013 WL 450383, at *1. The general language referencing "frivolous lawsuits" quoted from <u>Alshafie v. Lallande</u>, 171 Cal.App.4th 421, 428 (2009), which in turn quoted from <u>Yao v. Superior Court</u>, 104 Cal.App.4th 327, 331 (2002), but <u>neither</u> case held that "frivolousness" is required for a bond. The original language in <u>Yao</u> simply recognized that Section 1030 "<u>acts to prevent</u> out-of-state residents from filing frivolous lawsuits against California residents," but that court did not apply a frivolousness standard, nor did it hold that Section 1030 applies only to frivolous claims. <u>Id.</u> at 331 (emphasis added).

[4] Plaintiff asserts that "review and analysis by this Court of Paramount's pending motions is first necessary to determine the necessity, if any, of a bond." Opp. 2. Because the Bond Motion is scheduled for hearing on the same day as the SLAPP Motion and MTD, the substance of Plaintiff's claims is being considered at the same time as Paramount's bond request.

3
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

legal standard for evaluating a defendant's reasonable possibility of success, as recognized by the court in Gabriel Technologies, a case Plaintiff also cites. Opp. 5.

In Gabriel Technologies, the plaintiffs relied on language from Garber to argue that the defendant "must 'substantially refute' each of Plaintiffs' claims" to justify a bond under Section 1030. Gabriel Technologies, 2010 WL 3718848, at *4. The court rejected their argument, finding that the plaintiffs were "mistaken," and the "higher burden proposed by Plaintiffs contradicts the clear language of the statute," which only requires a "reasonable possibility" of success. Id. The court further noted that "the term 'substantially refute' appears only in a single case cited by Plaintiffs" – that case being Garber – "which misquotes an unpublished opinion." Id. at *5 (emphasis added).[5] Therefore, the court in Gabriel Technologies concluded that "the higher standard Plaintiffs urge this Court to apply is the result of an inadvertent typographical error, not a deliberate decision to increase the burden imposed by California Code of Civil Procedure section 1030." Id.

Remarkably, even though Plaintiff's own brief cites Gabriel Technologies (and even though the Motion called attention to its rejection of the "substantially refute" language, see Mot. 6), Plaintiff nonetheless tries to rely on this incorrect standard, going so far as to assert that "Paramount has not argued or offered evidence to substantially refute Tubb's claims." Opp. 2. That not only identifies the wrong legal standard, as discussed above, it also is patently false. Paramount's SLAPP Motion and MTD explain in great detail why each of Plaintiff's claims is legally barred, and Paramount summarized these arguments in its Bond Motion.

---

[5] The underlying case quoted by Garber found that the defendants did not demonstrate "a reasonable possibility" of prevailing because they did not offer any argument or evidence "to substantively refute" the plaintiff's claims. Id. (quotation omitted; emphasis added).

4
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

See Mot. 6-7.  Plaintiff does not address this at all in his Opposition, instead ignoring Paramount's discussion of the merits.  E.g., Opp. 2-10.[6]

Nor does Plaintiff offer any authority or explanation for why he would need "robust discovery" before a bond is imposed.  Opp. 2.  Paramount's two pending dispositive motions seek the dismissal of Plaintiff's claims on the pleadings on purely legal grounds.  See Mot. 6-7; SLAPP Mot. 7; MTD 4.  In responding to those Motions, Plaintiff did not identify any "discovery" that was needed for the Court to evaluate the legal defenses raised – nor could he credibly do so.

Paramount's Bond Motion also explained in detail why it would be likely to recover substantial attorneys' fees and costs if it prevails under each of the various fee-shifting provisions that apply here.  See Mot. 7-11.  Again, Plaintiff does not respond.  See Opp. 2-10.  The issue of Paramount's likely entitlement to fees was not addressed in Plaintiff's Oppositions to the SLAPP Motion and MTD; by failing to respond, Plaintiff therefore waived any argument that Paramount is not likely to recover substantial fees and costs if it prevails.  See Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009) (party that failed to address an issue in his responsive brief "has therefore waived the argument").

For all of these reasons, Paramount has established that it has the requisite reasonable possibility of prevailing and recovering its fees and costs from Plaintiff.

### III.   A BOND IS REASONABLE UNDER THE CIRCUMSTANCES

As noted above, Plaintiff does not, and cannot, dispute that Paramount would be entitled to recover significant attorneys' fees and costs if it prevails.  See Mot. 7-11.[7]  Consequently, Plaintiff's overheated rhetoric about the Motion being about

---

[6] Plaintiff simply incorporates his oppositions to Paramount's SLAPP Motion and MTD.  Opp. 1-2.  Paramount similarly incorporates its concurrently-filed reply briefs, which demonstrate why all of Plaintiff's claims are barred as a matter of law.  (See concurrently-filed SLAPP Reply and MTD Reply.)

[7] Notably, in addition to the fee-shifting provisions of California's right-of-publicity statute and the Lanham Act, and the litigation costs recoverable by any

5
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"intimidat[ion]" is utterly baseless. Opp. 2. Paramount has requested a bond to ensure that the anticipated fee awards will be enforceable, consistent with the strong public policies behind the pertinent fee-shifting provisions. See Mot. 11-12. Plaintiff simply ignores the First Amendment implications of his lawsuit, which arises entirely from the content of a film, which Plaintiff seeks to enjoin. Paramount demonstrated its legitimate need for a bond, and "it is neither unjust nor unreasonable to expect [Plaintiff] to put his money where his mouth is," where he has chosen to bring a laundry-list of legally-deficient claims directly targeting expressive speech which obviously are subject to fee-shifting provisions under well-established law. Simulnet East Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 576 (9th Cir. 1994) (quotation omitted).

Plaintiff then asserts that courts cannot require bonds unless the moving defendant establishes "a risk that it would be unable to recover" its costs. Opp. 3. That is also incorrect; there is no such requirement in Section 1030, or in the controlling Ninth Circuit authority. See C.C.P. § 1030(a)-(b); Simulnet, 37 F.3d at 576. The court in Simulnet simply listed "the absence of attachable property within the district" as one of the "factors" that courts may consider in determining whether a bond is appropriate. Id.

Plaintiff's hyperbolic assertion that if the Motion is granted it "will have the effect of putting a turnstile in front of the courthouse door" is equally baseless. Opp. 3. As the Ninth Circuit explained, in recognizing district courts' power to require bonds, "toll-booths cannot be placed across the courthouse doors in a

---

prevailing party, Paramount also would be entitled to a mandatory award of fees if it prevails on its SLAPP Motion. See Mot. 8-9. The SLAPP statute's "mechanism for compensating the defendant for its litigation expenses" furthers the law's "central purpose" of protecting free speech rights. Barry v. State Bar of California, 2 Cal.5th 318, 328 (2017). Courts similarly have recognized that fee-shifting is appropriate under the Lanham Act in cases such as this one where a claim directly targets the content of expressive speech. See Mot. 11.

6
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

haphazard fashion," but there is nothing unreasonable about requiring an undertaking where, as here, the statutory requirements are met. Simulnet, 37 F.3d at 576 (emphasis added; quotation omitted). See also Navasca, 2013 WL 450383, at *3 (rejecting plaintiff's argument that requiring an undertaking "will effectively deprive it of access to the Court," noting that "requiring an undertaking in this case" would not "imply an undertaking would be required in every case").[8]

Finally, Plaintiff includes a selective quotation from Simulnet in asserting that the "Ninth Circuit cautioned that 'care must be taken not to deprive a plaintiff of access to the federal courts.'" Opp. 5 (quoting Simulnet, 37 F.3d at 575-76). But as the full quote makes clear, the Ninth Circuit was warning against limiting "access to the courts because of a party's impecunious circumstance." Simulnet, 37 F.3d at 576 (emphasis added). Plaintiff does not, and cannot, claim to be "impecunious," or even suggest that he would be unable to pay the requested bond. He does not contest Paramount's showing that a bond is reasonable because Plaintiff's own allegations about his successful acting career and international renown indicate that requiring him to post a bond would not deter him from pursuing his claims. Mot. 14. Plaintiff does not dispute that he is capable of paying the requested bond, which only reinforces that it is reasonable from both parties' perspectives. Mot. 11-14.

---

[8] The cases that Plaintiff tries to rely on are readily distinguishable. E.g., Plata v. Darbun Enterprises, Inc., 2009 WL 3153747, at *12 (S.D. Cal. Sept. 23, 2009) (defendant made no effort to explain why it needed a bond, and court found the plaintiffs "also have a reasonable possibility of prevailing in this action; they already have a Mexican judgment and their complaint has survived a motion to dismiss"); Susilo v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 166638, at *4-5 (C.D. Cal. Nov. 19, 2012) (bond was inappropriate "considering the purpose of this lawsuit and defendants' chances of success" because "it would be improper for the Court to disincentivize legitimate challenges by homeowners to potentially unlawful foreclosures," and the court had partially denied the defendant's motion for summary judgment so the "plaintiff has a reasonable chance of succeeding").

7
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## IV. THE REQUESTED BOND AMOUNT IS REASONABLE

Paramount seeks a bond of at least $250,000 because that is a reasonable estimate of its anticipated attorneys' fees and costs in connection with its pending SLAPP Motion and Motion to Dismiss. See Mot. 11-12. As explained in the Motion and in counsel's declaration, the figure is based on fee awards in comparable cases, as well as the scope and complexity of Plaintiff's Complaint, and counsel's experience litigating similar cases. Id.; Laidman Decl. ¶ 7. Plaintiff does not make any attempt whatsoever to demonstrate that the requested amount is unreasonable, or even articulate any argument why the amount requested is too high under the circumstances. Opp. 7-9. He simply argues that the request should be denied because it does not include "further documentation." Opp. 9. Plaintiff's position has no legal support.

First, all of the cases that Plaintiff cites on that point are distinguishable because those courts were adjudicating requests for actual awards of attorneys' fees. Opp. 7-9. Having actually litigated the matters and incurred the resulting fees and costs, those moving parties were capable of providing documentation for the work performed, and were asking the courts to award a particular amount. But a request for a bond is not a request for attorneys' fees. As the statute makes clear, Section 1030 provides for a motion to require the plaintiff "to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action." C.C.P. § 1030(a) (emphasis added). And, as discussed above, the statute permits defendants to bring bond motions "at any time." Id. Therefore, where, as here, a defendant properly moves for a bond early in the proceedings, the defendant must estimate the fees and costs that it "may be awarded." Id. See also Strojnik, 2021 WL 11695981, at *2 (granting bond motion at pleading stage where defendant supported the request with "the declaration of its attorney" who "estimate[d]" the defendant's fees and costs in the action).

8
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

      Second, even in the context of actual fee requests at the conclusion of a case, courts properly rely on declarations from counsel and rulings in comparable cases to determine a reasonable amount. Where a party's entitlement to fees arises under state law, "[s]tate law establishes the required showing for attorney's fees," and in "California, an attorney need not submit contemporaneous time records in order to recover attorney fees." Winterrowd v. American General Annuity Ins. Co., 556 F.3d 815, 827 (9th Cir. 2009) (quotation omitted). See also Padilla v. McClellan, 93 Cal.App.4th 1100, 1106 (2001) ("detailed billing records are not required to support an award"); Elite Show Services, Inc. v. Staffpro, Inc., 119 Cal.App.4th 263, 270 (2004) ("courts are frequently asked to determine the reasonableness of attorney fees and do so on the basis of declarations").[9]

      Finally, Plaintiff simply ignores the numerous decisions cited by Paramount in which courts awarded similar amounts to prevailing defendants in comparable cases involving fee-shifting under the SLAPP statute, Civil Code § 3344, and the Lanham Act. See Mot. 12. He does not attempt to distinguish any of these cases because he cannot do so, and he has not rebutted Paramount's showing that the requested bond amount is reasonable here. See Mot. 11-12.

///
///
///
///
///
///

---

[9] Defense counsel's declaration provided sufficient foundation for Paramount's estimate of the fees and costs that it may incur here, based on counsel's experience litigating comparable matters, the nature and scope of Plaintiff's claims as described in the declaration, and the court's ruling in a similar case litigated by counsel's firm. See Laidman Decl. ¶¶ 6-7. No authority supports Plaintiff's meritless request to "strike" the declaration. Opp. 9.

9
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## V. CONCLUSION

For all of the foregoing reasons, Paramount respectfully requests that this Court require Plaintiff to post a bond of at least $250,000.

DATED: June 10, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: /s/ Dan Laidman
         Dan Laidman

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

10
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Paramount Pictures Corporation, certifies that this brief contains 3,065 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 10, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: /s/ Dan Laidman
      Dan Laidman
Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

11
REPLY ISO MOTION FOR SECURITY FOR COSTS AND FEES
4858-6629-2935v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899