DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
SAM F. CATE-GUMPERT (State Bar No. 335715)
  samcategumpert@dwt.com
50 California Street, 23rd Floor
San Francisco, California  94111
Telephone:  (415) 276-6500
Fax:  (415) 276-6599

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY TUBB, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. **2:24-cv-01417-GW-BFMx**<br><br>**SUPPLEMENTAL FILING PURSUANT TO COURT ORDER OF JULY 1, 2024 CONCERNING PARAMOUNT'S SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL]**<br><br>Hearing Date: August 1, 2024<br>Time: 8:30 a.m.<br>Courtroom: 9D<br><br>Action Filed: February 21, 2024 |

Defendant Paramount Pictures Corporation ("Paramount") respectfully submits this Supplemental Filing in response to this Court's July 1, 2024 request for additional information in connection with Paramount's Special Motion To Strike

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiff's Complaint pursuant to California Code of Civil Procedure § 425.16 ("SLAPP Motion"), and Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("MTD").  See Dkt. No. 44.

At the July 1, 2024 hearing on Paramount's motions, the Court directed Paramount to make a good faith effort to ascertain answers to the following questions:

1) Whether any of the actors from the 1986 film "Top Gun" ("Top Gun" or "Original Film") who appeared in the behind-the-scenes group photograph from the Top Gun set that was shown in the 2022 sequel "Top Gun: Maverick" ("Maverick" or the "Film"), which is the subject of Plaintiff's lawsuit (the "Photograph"), were paid for the use of the Photograph in the Film;[1]

2) Whether any of the actors described in No. 1 above requested payment for the use of the Photograph in the Film, even if they were not paid;

---

[1] This information is being provided in response to the Court's request, without waiver of Paramount's position that the information is irrelevant to the issues raised in its pending SLAPP Motion and MTD, both of which asserted purely legal defenses based on the pleadings and matters which could be incorporated by reference or judicially noticed.  See SLAPP Motion at 7; MTD at 4.  This information also has no bearing on Plaintiff's claim for breach of contract arising from the 1985 Agreement concerning his performance in the Original Film, because Plaintiff affirmatively asserted that the Agreement is unambiguous, and therefore no extrinsic evidence is required or appropriate for its interpretation.  See Dkt. No. 44, Tentative Ruling at 32-33; see also Klamath Water Users Prot. Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999) ("when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself").  Plaintiff's counsel reiterated this position at the July 1 hearing, stating "we don't think this agreement is ambiguous." 7/1/24 Reporters Transcript ("RT") at 36:6-7.  That unequivocal position cannot be altered now, merely because the Court's Tentative Ruling appropriately rejected Plaintiff's interpretation of the Agreement.

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

|   |   |   |
|---|---|---|
| | 3) | Whether actors Meg Ryan and Anthony Edwards, both of whom performed in the Original Film, were paid for the use of clips depicting them in the Original Film that were re-used in Maverick; and |
| | 4) | Whether the talent agreements for Edwards' and Ryan's services on the Original Film contain the same rights provisions as in Plaintiff's Agreement for the Original Film that have been cited by the parties in connection with Paramount's SLAPP Motion and MTD.  See 7/1/24 RT at 28:7-9; see also Dkt. No. 1  (Cmplt. ¶ 33, Ex. A); Dkt. No. 23 (MTD at 3; Dkt. No. 24 (SLAPP Motion at 3).[2] |
| | 5) | The Court also asked Paramount to locate and provide Plaintiff's counsel with a copy of the SAG agreement in effect at the time of Plaintiff's 1985 Agreement about the Original Film, given the representation made by Plaintiff's counsel (in connection with his request to submit this document to the Court) that his client did not have a copy of the SAG agreement and could not obtain one from SAG.[3]  In compliance with this request, on July 9, 2024, Paramount's |

---

[2] At the hearing, the Court also asked counsel for the parties whether the Photograph appears once or twice in the Film (only one instance is identified in Plaintiff's Complaint and in the parties' briefs).  7/1/24 RT at 3:25-4:1.  After reviewing the Film again after the hearing, Paramount's counsel has confirmed that the Court is correct in believing that the Photograph appeared in the Film twice, at least in part:  in addition to the scene identified in Plaintiff's Complaint (see Cmplt. ¶ 38; Dkt. No. 29, Ex. B at 44:22-44:44), a portion of the Photograph also is visible early in the Film for approximately four seconds, in a scene depicting multiple photographs in a display.  See Dkt. No. 29, Ex. B at 3:58-4:02.  Plaintiff did not mention this use of the Photograph in the Complaint, nor is it a basis for any of his claims; if it had been mentioned, the same defenses that bar Plaintiff's claims concerning the later use of the Photograph would apply to this partial depiction as well (and the use was de minimis).

[3] This was surprising, not only because Plaintiff presumably is a member of SAG, but also because Plaintiff's Opposition purported to claim that Paramount had breached the SAG agreement by using the Photograph in the Film.  Dkt. No. 37 at

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

counsel provided Plaintiff's counsel with a copy of the 1983 SAG agreement – which was the version in effect at the time of Plaintiff's 1985 Agreement.[4]

Paramount responds to the Court's other inquiries (Nos. 1-4) as follows:

1) Paramount entered into agreements with Anthony Edwards and Meg Ryan to pay each of them ▬▬▬ for Maverick's re-use of film clips depicting their performances in the Original Film. Consistent with Section 22.A of the 1983 SAG Agreement, Edwards and Ryan also are entitled to residuals payments for Maverick's re-use of the film clips. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[5]

2) Based on a reasonable inquiry, and other than Plaintiff Barry Tubb, Paramount is not aware of any request by any of the actors depicted in the Photograph to be paid for the use of the Photograph in Maverick.

3) None of the actors depicted in the Photograph– including Anthony Edwards – received any payment for its use in Maverick.

---

27. If neither Plaintiff or his counsel had a copy of that document, or knew its terms, it raises a question under F.R.C.P. 11 whether proper diligence was done before the accusation was made.

[4] As stated at the hearing, Paramount's position continues to be that the SAG agreement is irrelevant to the resolution of the SLAPP Motion and MTD, and should not be considered by the Court, because Plaintiff did not mention it or assert it as a basis for any of his claims in the Complaint (or even provide it with his Opposition brief). See Dkt. No. 39 (MTD Reply at 20); Dkt. No. 40 (SLAPP Reply at p. 19-20). If Plaintiff chooses to submit the SAG agreement to the Court, Paramount will respond to any arguments that Plaintiff might make about it in the responsive supplemental pleading to be filed on July 22, 2024.

[5] 

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

4) The "Rights" provision at issue in this action is substantively the same as that provision in the talent agreements entered into by Edwards and by Plaintiff for the Original Film. (The nomenclature differs slightly, because Edwards' agreement references his loan-out company, his agreement refers to the contracting party as "Employer," whereas Plaintiff's refers to him directly ("Artist").) See Cmplt. ¶ 117; Pl. Ex. A at 7. Ryan signed a Day Player agreement for the Original Film, which does not include the same standard provisions as Edwards and Plaintiff's agreements.[6]

DATED: July 15, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: */s/ Kelli L. Sager*
　　　Kelli L. Sager

Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

---

[6] Although Paramount was not asked to provide any documentation other than the SAG agreement, defense counsel will bring the Edwards and Ryan agreements to the August 1 hearing, in case the Court wants to review them in-camera, because they contain confidential, proprietary information. Because the payments disclosed in this document also are confidential and proprietary information, Paramount has filed this document under seal, along with a "public" version containing limited redactions.

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant Paramount Pictures Corporation, certifies that this brief contains 1,308 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 15, 2024

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
DAN LAIDMAN
SAM F. CATE-GUMPERT

By: */s/ Dan Laidman*
      Dan Laidman
Attorneys for Defendant
PARAMOUNT PICTURES CORPORATION

6

SUPPLEMENTAL FILING
4878-7495-5217v.1 0012079-000393

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899