UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-1417-GW-BFMx | Date | June 2, 2025 |
|---|---|---|---|
| Title | *Barry Tubb v. Paramount Pictures Corporation* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - FINAL RULING ON DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION [C.C.P. § 425.16] [23]; and DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Fed. R. Civ. Proc. 12(b)(6)] [24]

Attached hereto is the Court's Final Ruling on Defendant's Motions [23, 24]. Defendant's Motion to Strike is GRANTED.

The Court sets a status conference for June 23, 2025 at 8:30 a.m. The parties are to file a joint status report by noon on June 18, 2025.

:

Initials of Preparer   JG

*<u>Tubb v. Paramount Pictures Corp</u>*., Case No. 2:24-cv-01417-GW-(BFMx)
Final Ruling on Motions to Dismiss and Motion to Strike (anti-SLAPP)

      After further consideration of the filings on the pending motions, the arguments of counsel, and the contents of the case docket, this Court reluctantly concludes that it must adopt its prior tentative rulings (*see* Docket Nos. 44, 72) as its final decision and grant Defendant's motion to strike. But in doing so, it will make certain concluding observations.

      At least in the Ninth Circuit,[1] when a federal court exercises diversity jurisdiction over a claim and California law applies, the court is bound to apply the substantive aspects of California's Anti-SLAPP statute (*i.e.*, Civ. Proc. Code § 425.16) as determined by California's Supreme Court and appellate courts (*see Hilton v. Hallmark Cards*, 599 F.3d 894, 905-06 (9th Cir. 2010)), and the California Legislature's directive that the anti-SLAPP statute must be "construed broadly."[2] *See* Burke, *Anti-SLAPP Litigation* § 2:131 (the Rutter Group 2025). California enacted the Anti-SLAPP statute "in response to the legislature's concern about civil actions aimed at private citizens to deter or punish them for exercising their political or legal rights." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir.1999).[3]

---

[1] Although obviously not binding on this Court and in the present case, the Second Circuit has held that California's Anti-SLAPP statute is inapplicable in federal courts as it seeks to "answer the same question as Federal Rules [of Civil Procedure] 12 and 56." *La Liberte v. Reid*, 966 F.3d 79, 85-88 (2d Cir. 2020). Likewise, other federal circuit courts have held that other states' iterations of similar anti-SLAPP legislation should not be applied in federal courts. *See, e.g., Klocke v. Watson*, 936 F.3d 240, 242 (5th Cir. 2019) (Texas); *Carbone v. Cable News Network, Inc*., 910 F.3d 1345, 1350 (11th Cir. 2018) (Georgia); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1335 (D.C. Cir. 2015) (D.C.).

      The Ninth Circuit has reaffirmed the applicability of California's Anti-SLAPP statute to California state law causes of action litigated in federal court because it found that there is no "direct collision" between the statute and the relevant federal rules. *See CoreCivic, Inc. v. Candide Group, LLC*, 46 F.4th 1136, 1140-41 (9th Cir. 2022). While it is unable to undo or ignore holdings of the Ninth Circuit, this Court respectfully disagrees that there are no direct collisions between California's Anti-SLAPP law (as it is delineated in the statute and as applied by the California appellate courts) and federal rules of civil procedure. There are actually many. While it is not necessary to list all of them here, it is noted for example that under Fed. R. Civ. P. 15(a)(1)(B), a "party may amend its pleading once as a matter of course no later than: . . . 21 days after service of a motion under Rule 12(b), (e), or (f) [Rule 12(f) covers motions to strike] . . . ." However, under California Anti-SLAPP case law, a plaintiff may not avoid the application of Cal. Code of Civ. P. § 425.16 by amending the challenged complaint before the motion to strike is heard. *See Salma v. Capon*, 161 Cal.App.4th 1275, 1280, 1294 (2008). Also, as discussed in footnote 3, *infra*, California's Anti-SLAPP provision covers concerns already addressed in Fed. R. Civ. P. 11.

[2] Cal. Civ. Proc. Code § 425.16(a) states:
> The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly.

[3] It has been explained that California's Anti-SLAPP statute was "crafted to serve an interest not directly addressed by the Federal Rules: the protection of 'the constitutional rights of freedom of speech and petition for redress of grievances.'" *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc*., 190 F.3d 963, 972-73 (9th Cir. 1999) (quoting Cal. Civ. Proc. Code § 425.16(a)); *see also Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th 2010) The statute was designed to allow courts "to promptly expose and dismiss meritless and harassing claims seeking to chill protected expression." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 682 (9th Cir.2005). However, one

The California legislature's lofty goal of encouraging continued participation in matters of public significance through the enactment of a statute which raises the bar for plaintiffs in free speech/petition related cases by requiring them to establish a reasonable probability of prevailing on the merits of their cases (*see Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002)) – as opposed to the federal standard of simply pleading "enough facts to state a claim that is plausible on its face" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) – brings to mind part of a quotation attributed to Thomas Sowell that "many of today's problems are a result of yesterday's solutions."

In its essence, this action represents an attempt by Plaintiff (an actor who had a minor role in the 1986 film *Top Gun*),[4] to receive some compensation for the use of his likeness contained in a photograph originally used in *Top Gun* but also prominently displayed in a scene in the 2022 film *Top Gun: Maverick*, which (according to Wikipedia) was the second highest grossing film of 2022 with a worldwide total of $1.496 billion.  See https://en.wikipedia.org/wiki/Top_Gun:_Maverick. One wonders if it was envisioned or intended by the California legislature that its Anti-SLAPP statute could be or would be applied to cases like the present one.  While it would appear doubtful, the procedural scheme embodied in that statute does not allow for exercise of discretion in situations of overkill or provide for other relief in such circumstances.

As noted initially, this Court is bound by Ninth Circuit precedent to grant Defendant's motion to strike, and does so for reasons stated herein and in its prior tentative rulings (*see* Docket Nos. 44, 72).

---

could well contend that such sanction provisions are already contained (and have been even before the enactment of California's Anti-SLAPP statute) within Fed. R. Civ. P. 11 (as amended in 1983). As observed in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990):

> [T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts.  *See* Advisory Committee Note on Rule 11, 28 U.S.C. App., p. 576.  Rule 11 imposes a duty on attorneys [and pro se plaintiffs] to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and "not interposed for any improper purpose."  An attorney who signs the paper without such a substantiated belief "shall" be penalized by "an appropriate sanction."  Such a sanction may, but need not, include payment of the other parties' expenses.  *See ibid*.  Although the rule must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy, *ibid.*, any interpretation must give effect to the rule's central goal of deterrence.

Thus, it is hard to accept the contentions that there is (or was) no provision in the Federal Rules of Civil Procedure in regards to the protection of the constitutional rights of freedom of speech and petition for redress of grievances or that was   designed to allow courts to promptly expose and dismiss meritless and harassing claims seeking to chill protected First Amendment expression.

[4] According to IMDb, Plaintiff's last acting credit was in 2014.  *See* https://www.imdb.com/name/nm0875613/.